IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-16-485-2 |
| | § | |
| RAYMOND PATTERSON | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Raymond Patterson, a federal prisoner proceeding *pro se*, filed a letter motion for a reduction in his sentence to time served and/or for home confinement under the compassionate release provisions of 18 U.S.C. § 3582(C)(1)(A). (Docket Entry No. 321.)

Having considered the motion, the record, matters of public record, and the applicable law, the Court DENIES the motion for the reasons explained below.

*Background*

Defendant is a 63-year-old male prisoner currently confined at Beaumont Low FCI, a federal Bureau of Prisons ("BOP") facility located in Beaumont, Texas. Defendant pleaded guilty before this Court to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and conspiracy to launder drug proceeds. The Court sentenced him on February 15, 2018, to 96 months' confinement in the BOP followed by a five-year term of supervised release. The BOP currently reports defendant's anticipated release date as January 26, 2025. Defendant contends that he is entitled to a compassionate release due to the pandemic and the danger it presents to prisoners. He also references in an exhibit his age, a hernia, back pain, and stress headaches. (Docket Entry No. 321, p. 10.) He asks the Court to grant his motion and release him from prison and/or to home confinement.

*Legal Standards*

Defendant brings his motion for a sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id*. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction, based on terminal medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, Application Note 1. However, the Court's reference to the Guidelines is only one step in its own determination of whether extraordinary and compelling reasons warrant a reduction of defendant's sentence. The Court is free to determine whether defendant's particular medical condition constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, Appeal No.

19-50305 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court.").

A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case. Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

As provided in both section 3582(c)(1)(A) and the policy statement, a court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction and the defendant is found not to pose a risk of danger to the community, and it also finds that a sentence reduction is consistent with United States Sentence Commission policy statements.

*Analysis*

*Exhaustion*

The Court finds that defendant has exhausted his statutorily-required administrative remedies and may pursue the instant motion. *See United States v. Franco*, Appeal No. 20-60473 (5th Cir. Sept. 3, 2020).

*Home Confinement*

The Court has no authority to release defendant to home confinement, as only the BOP may designate a prisoner's place of incarceration. 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151–52 (5th Cir. 1993). Consequently, the Court cannot grant defendant's request to serve the remainder of his sentence under home confinement in lieu of a sentence reduction. *See United States v. Chaney*, Appeal No. 20-60498 (5th Cir. Sept. 29, 2020).

*Extraordinary and Compelling Reasons*

Defendant argues that the COVID-19 pandemic, along with his age (63 years), hernia, back pain, and stress headaches constitute extraordinary and compelling reasons for his immediate release from prison.

Defendant has not submitted any medical records supporting his allegations of having any particular medical conditions. Even assuming his complaints of a hernia, back pain, and stress headaches are valid, these conditions are not recognized by the CDC as associated with an increased risk for severe illness from COVID-19.[1] These conditions and his age do not constitute extraordinary and compelling reasons for modification of defendant's sentence to time served.

---

[1] https://www.cdc.gov/media/releases/2020/p0625-update-expands-covid-19.html (accessed November 1, 2020).

Understandably, defendant is concerned about the COVID-19 pandemic and its effect on prisoners. However, health and safety issues regarding the pandemic are universal concerns for prisons and prisoners alike, and provide no basis for a compassionate release.

Defendant has not met his burden of proof for establishing extraordinary and compelling reasons for a compassionate release. Consideration of the additional factors under 18 U.S.C. § 3553(a) is unnecessary under these circumstances.

### *Conclusion*

For the reasons set forth above, defendant's motion for compassionate release or home confinement under 18 U.S.C. § 3582(C)(1)(A) (Docket Entry No. 321) is DENIED. Defendant's request for appointment of counsel is DENIED.

Signed at Houston, Texas on November 2, 2020.

_____
Gray H. Miller
Senior United States District Judge